**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KELLI D. HARWOOD, an individual,  )<br>  )<br>     Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>FERGUSON ADVANTAGE IMPORTS  )<br>ISUZU-SUBARU-KIA-SUZUKI, L.L.C.,  )<br>an Oklahoma limited liability company,  )<br>  )<br>     Defendant.  )<br>  ) | Case No. 09-cv-747-JHP-TLW |

**OPINION AND ORDER**

Before the Court is plaintiff's oral Motion for Protective Order, which asks this Court to bar defendant's General Manager and plaintiff's former supervisor from attending her deposition. Plaintiff seeks to "invoke the rule of sequestration" under Federal Rule of Evidence 615 for the reason that defendant's General Manager and her former supervisor will soon be deposed themselves and for the reason that she may be intimidated by their presence. Plaintiff brings this lawsuit under the Family Medical Leave Act and does not allege any workplace intimidation on the part of defendant or its employees.

The Court finds the reasoning set forth in Jones v. Circle K Stores, Inc., 185 F.R.D. 223, 224-25 (M.D.N.C. 1999) persuasive:

> In 1993, Rule 30(c)[1] of the Federal Rules of Civil Procedure was amended to make clear that deposition witnesses are not subject to sequestration as a matter of course. Rule 30(c) now provides in pertinent part that "[e]xamination and cross-examination of witnesses at oral depositions may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615." Fed. R. Civ. P. 30(c) (emphasis added). Rule 615 of the Federal Rules of Evidence provides that the court, upon request, will "order witnesses excluded so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. The 1993 Advisory Committee Notes emphasize that Rule 615's exclusion from Rule 30(c) was intended to establish a general rule that "other witnesses are not automatically excluded from a deposition simply by the request of a party."

(emphasis added).  Instead, exclusion requires that the court grant a protective order pursuant to Rule 26(c)(5).

Rule 26(c)(5) provides as follows:

(c) Protective Orders.  Upon motion by a party or by the person from whom discovery is sought, ... and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following:

(5) that discovery be conducted with no one present except persons designated by the court ...

Fed. R. Civ. P. 26(c)(5).  Rule 26(c)'s requirement of a showing of "good cause" to support the issuance of a protective order indicates that "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  In re Terra Int'l, 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir.1978)); see also 8 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Fed. Prac. & Proc. § 2035, at 483-86 (2d ed.1994).

Id.  See also AG Equipment Co. v. AIG Life Ins. Co., 2008 WL 3992789 (N.D.Okla. 2008) (unpublished); Conrad v. Board of Johnson County Kansas Com'rs, 2001 WL 1155298 (D.Kan. 2001) (unpublished).

Here, there has not been the requisite showing of "good cause" that is necessary for the issuance of a protective order.  For this reason, plaintiff's oral Motion for Protective Order is DENIED.

SO ORDERED this 16th day of August, 2010.

_____
T. Lane Wilson
United States Magistrate Judge